[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") moves for summary judgment on the first two counts of the three count complaint on the ground that its policy does not provide underinsured motorist coverage to the plaintiffs under the circumstances of this case. The court agrees and grants the summary judgment motion.
BACKGROUND
The relevant facts are undisputed. On April 19, 1997, a vehicle operated by Jamie Vandermeid, who was insured by State Farm, became involved in an accident with a vehicle driven by Catherine Riley, who was insured by a Windsor auto insurance policy. The plaintiffs, Jacob Trzaskos and Keith Corning, were passengers in Vandermeid's vehicle.
Vandermeid, Trzaskos, and Corning made claims for their injuries under Riley's liability insurance, which provided for coverage of $50,000 per person and $100,000 per accident. An arbitrator awarded Vandermeid $45,000, Trzaskos $19,000 and Corning $9,000. The arbitrator also awarded $27,000 to Sonia Rodriguez, a passenger in Riley's vehicle, thus exhausting the $100,000 liability coverage.
Trzaskos and Corning then made claims for underinsured motorist benefits under Vandermeid's State Farm policy. The underinsured motorist coverage in the State Farm policy also provides for $50,000 per person CT Page 15146 and $100,000 per accident. The pertinent provision of the policy states that "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle" (emphasis in original). The policy defines "uninsured motor vehicle" to include a motor vehicle which is:
b. insured or bonded for bodily injury at the time of the accident; but
 (3) the sum of the limits of liability of all policies and bonds that apply:
(a) is less than; or
 (b) has been reduced by payments to persons other than an insured to less than the limits of liability of this coverage under this policy.
On or about July 28, 1999, the plaintiffs filed a three count complaint against State Farm and The Hartford Financial Services Group, Inc. In counts one and two, respectively, plaintiffs Trzaskos and Corning seek damages based on the claim that they are entitled to coverage under the State Farm policy. In count three, Corning apparently seeks additional damages under a Hartford insurance policy held by his parents.[1] State Farm now moves for summary judgment on counts one and two.
DISCUSSION
Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Because there are no disputed facts, this case raises a question of whether State Farm is entitled to judgment as a matter of law on the issue of whether the plaintiffs are entitled to uninsured motorist coverage.
The purpose of underinsured motorist coverage is to "put the injured party in the same position — no worse and no better — that the party would have been in had the tortfeasor carried liability insurance equal to or more than the amount of underinsured motorist coverage available to the injured party." Doyle v. Metropolitan Property Casualty Insurance Co., 252 Conn. 79, 88, 743 A.2d 156 (2000). Ordinarily, to calculate whether a party is underinsured, the court should make a "simple comparison — of potentially available liability insurance with potentially available underinsured motorist coverage . . . irrespective of whether the liability coverage had been fully or partially exhausted by other claimants, irrespective of whether the coverage included a split or single limit, and irrespective of the CT Page 15147 motivation of the plaintiff in either purchasing the underinsured motorist coverage or seeking to recover under it." Id.
In the present case, both the tortfeasor's liability policy and State Farm's uninsured motorist policy provide coverage of $50,000 per person and $100,000 per accident. Because both policies are equal in this regard, it necessarily follows that coverage under the liability policy is not "less than" coverage under the uninsured motorist policy within the meaning of paragraph b(3)(a) of State Farm's policy. This conclusion is fully consistent with state law, which provides that a claimant is not underinsured when the liability policy in question provides coverage equal to that in the applicable underinsured motorist policy. Id., 91;Florestal v. Government Employees Insurance Co., 236 Conn. 299, 301-03,673 A.2d 474 (1996) (affirming decision that plaintiff was not underinsured when both the liability and the uninsured motorist policies provided split $20,000/$40,000 coverage). Accordingly, the plaintiffs cannot recover under paragraph b(3)(a) of State Farm's policy.
State Farm's policy goes further than state law in paragraph b(3)(b) by also considering a claimant underinsured when the "sum of the limits of liability of all policies and bonds that apply . . . has been reduced by payments to persons other than an insured to less than the limits of liability" under its own policy. In this case, Windsor's payment of $27,000 to Rodriguez initially qualifies under b(3)(b) because Rodriguez is a person "other than an insured." The effect of this payment, applying simple arithmetic, is to reduce the limits of liability in the Windsor policy to $50,000 per person and $73,000 per accident. Such a reduction, however, does not necessarily make the plaintiff underinsured because the $73,000 cap does not limit the plaintiffs' potential recovery. Rather, the "limits of liability of all policies and bonds that apply" remains the $50,000 per person coverage which, as discussed above, is not "less than" the $50,000 per person coverage in the State Farm policy. SeeFlorestal v. Government Employees Insurance Co., 236 Conn. 301-03.
The plaintiffs essentially argue that the $27,000 payment does limit their recovery under the liability policy because only $73,000 coverage remains for the total accident and thus both plaintiffs cannot at the same time receive the full $50,000 per person coverage. The court rejects this argument. In the first place, State Farm's policy specifically recognizes only reductions from a liability policy for "payments to persons other than an insured." Both plaintiffs are insured persons and therefore payments to either of them from the liability policy do not affect whether the liability policy offers less coverage than State Farm's policy. Second, the plaintiffs approach is inconsistent with state law which, as stated, calls for a "simple comparison" of the two policies "irrespective of whether the liability coverage had been fully or CT Page 15148 partially exhausted by other claimants." Doyle v. Metropolitan Property Casualty Insurance Co., supra, 252 Conn. 88. Although State Farm's policy clearly goes beyond state law in taking into account "payments to persons other than an insured," there is no reason to interpret the policy in favor of an even greater addition to what state law requires. Finally, under the court's interpretation, each plaintiff is put "in the same position — no worse and no better — that the party would have been in had the tortfeasor carried liability insurance equal to or more than the amount of underinsured motorist coverage available to the injured party." Id. Even under State Farm's underinsured motorist coverage, each plaintiffs potential $50,000 recovery would be limited by the possibility that multiple claimants would use some or all of the $100,000 per accident coverage. The situation is no different under the tortfeasor's liability policy. Accordingly, the court holds that the plaintiffs are not entitled to coverage under State Farm's underinsured motorist coverage.
CONCLUSION
The court grants State Farm's motion for summary judgment. Judgment shall enter for the defendant on counts one and two of the complaint. It is so ordered.
Carl J. Schuman Judge, Superior Court